UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

REGINALD WAYNE ROACH,

    Petitioner,

v.

THE ATTORNEY GENERAL OF THE
STATE OF NEW JERSEY, et al.,

    Respondents.

Civil Action No. 18-8090 (MAS)

**MEMORANDUM AND ORDER**

Pro se Petitioner Reginald Wayne Roach, a convicted prisoner confined at the East Jersey State Prison in Rahway, New Jersey, seeks to bring a habeas petition pursuant to 28 U.S.C. § 2254. For the reasons stated below, the Petition is dismissed without prejudice.

According to the Petition, Petitioner's state court proceeding for post-conviction relief ("PCR") is still ongoing—the PCR trial court denied his PCR application and that denial is currently on appeal. (*See* Pet. 6, ECF No. 1.) As such, some of Petitioner's habeas claims regarding the ineffective assistance of counsel have not been exhausted (see Addendum to Pet. 7, ECF No 1-1; 28 U.S.C. §§ 2254(b) & (c)), so the Petition is a mixed petition as explained in *Rhines v. Weber*, 544 U.S. 269 (2005). Federal district courts may not adjudicate mixed petitions. *Id.* at 273.

Normally, the Court is directed to dismiss a mixed petition without prejudice (*id.* at 274), but a stay and abeyance may be appropriate when a dismissal without prejudice would cause a petitioner to run afoul of the habeas statute of limitations, and lose his opportunity to seek federal habeas review. *See id.* at 275-76. According to the PCR trial court's opinion denying PCR, which is attached to the Petition, however, Petitioner's judgment became final when the United States

Supreme Court denied certification on May 26, 2015. *State v. Roach*, No. 06-03-342, slip op. at 2, ECF No. 1-3 (N.J. Sup. Ct. Law Div. Aug. 31, 2017). Petitioner promptly filed his PCR application less than a month later, on June 12, 2015. *Id.* Because the limitations period on federal habeas petitions is tolled for the period "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), Petitioner is not in danger of being time-barred from filing a new petition. A stay, therefore, is not warranted. As such, the Petition is dismissed without prejudice, and Petitioner should file a new habeas petition once he has exhausted state court remedies.

**IT IS** therefore on this 9th day of May, 2018,

**ORDERED** that the Petition is hereby **DISMISSED WITHOUT PREJUDICE**; it is further

**ORDERED** that the Clerk shall serve this Order upon Petitioner by regular mail, and shall **CLOSE** the file.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**